UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE R. ABRAMS,

                Plaintiff,

   v.

KITSAP TRANSIT, et al.,

                Defendant.

CASE NO. 3:22-cv-05765-RSL-BAT

REPORT AND RECOMMENDATION ON THE PARTIES' DISPOSITIVE MOTIONS

      Before the Court are the parties' respective dispositive motions. On March 22, 2023, Plaintiff filed a one-page motion for summary judgment. Dkt. 20. The motion is noted for April 14, 2023. On April 4, 2023, Kathryn Jordan, the sole Defendant in this matter, filed a motion to dismiss for failure to state a claim. Dkt. 22-23. Defendant's motion is noted for April 28, 2023. The Court having reviewed each parties' dispositive motion, all responsive and reply briefs, and the balance of the record recommends **DENYING** Plaintiff's motion for summary judgment and **GRANTING** Defendant's motion to dismiss.

## BACKGROUND

      The case has a somewhat lengthy history. In October 2022, the Court issued a first report and recommendation noting Plaintiff has filed multiple overlapping civil rights complaints. Dkt. 6. The first report recommended dismissing Plaintiff's claims against Judge Doctor,

Commissioner Seacrest, and prosecuting attorneys David LaCross, and Chad Enright. *Id.* The Court adopted the recommendation, dismissed all claims against these defendants, and granted Plaintiff leave to file an amended complaint. Dkt. 12. On January 30, 2023, Plaintiff filed an amended complaint naming a sole Defendant: Kitsap Transit Route Operations Manager Kathryn Jordan. Dkt. 15. The amended complaint alleges in Count I "Kathryn Jordan violated the KT rider rights under title 6." *Id.* at 4. In support, Plaintiff alleges Defendant attempted to "coerce" Plaintiff into confessing he committed a crime in a case that was still pending: Kitsap County case number 18-1-01868-18. *Id*. at 6. Count II alleges Defendant Jordan violated Plaintiff's Fifth Amendment right by refusing to reset the meeting she had with Plaintiff so his attorney could appear. *Id.* at 6. Plaintiff alleges in Count III that Defendants violated Plaintiff's rights against self-incrimination under the Washington State Constitution Article I, § 14. *Id.* at 10. As relief, Plaintiff requests a "cash settlement." *Id. at* 9.

        A.     **Plaintiff's Motion for Summary Judgment**

On March 30, 2023, Plaintiff filed a motion for summary judgment. In his motion, Plaintiff contends the sole defendant Kathryn Jordan, on April 10, 2019, attempted to elicit testimony from Plaintiff that he damaged a Kitsap Bus Station and that Defendant Jordan, and an individual named Chad Enright refused to provide Plaintiff information relevant to the criminal charges filed against him in Kitsap County case number 18-1-01868-18. Dkt. 20. Plaintiff contends Defendant Jordan should be sanctioned and that both Defendant Jordan and Chad Enright should pay Plaintiff $500 a day for all the days he spent in the Kitsap County Jail in case number 18-1-01868-18.

A Court shall grant summary judgment if the movant, Plaintiff, shows there is no genuine dispute regarding any material fact, and Plaintiff is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a). Plaintiff has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To meet this burden, Plaintiff need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000). A nonmoving party (Defendant) who fails to comply with local rules in opposing a motion for summary judgment does not relieve Plaintiff of his affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

If Plaintiff "shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). Defendant may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes that do not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1121 (9th Cir. 1995).

1   The Court recommends Plaintiff's motion for summary judgment against Chad Enright
2   be **DENIED** because the Court previously dismissed Plaintiff's claims against Mr. Enright, a
3   deputy prosecuting attorney, with prejudice on January 4, 2023. Dkt. 12.
4   The Court recommends Plaintiff's motion against the sole Defendant Kathryn Jordan be
5   **DENIED** for the following reasons. First, Plaintiff alleges Defendant Jordan coerced a
6   confession from him. However, Plaintiff's motion suggests he was not in custody and there is
7   thus no basis to conclude a *Miranda* violation occurred. Defendant Jordan avers Plaintiff
8   telephoned her and that following the call, Plaintiff met Defendant at her office. Even assuming
9   Plaintiff spoke with Defendant Jordan in a custodial setting, his allegation fails to stablish he is
10  entitled to summary judgment as a matter of law because the Supreme Court held in *Vega v.*
11  *Tekoh*, 142 S. Ct. 2095, 2106 (2022), "a violation of Miranda does not necessarily constitute a
12  violation of the Constitution, and therefore such a violation does not constitute "the deprivation
13  of [a] right . . . secured by the Constitution." 42 U.S.C. § 1983."
14  Second, Plaintiff's motion for summary judgment indicates his claim that Defendant
15  Jordan "coerced" a confession is related to a state criminal case, Kitsap County case number 18-
16  1-01868-18. Plaintiff's summary judgment motion also alleges discovery violation issues
17  regarding this case, which reaffirms the connection between Plaintiff's civil lawsuit herein and a
18  Kitsap County criminal case. However, if the Kitsap County criminal matter is pending, this
19  Court should abstain from considering the alleged "coerce confession" claim against Defendant
20  Jordan, or criminal discovery issues, under *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The
21  *Younger* abstention doctrine reflects principles of equity and comity. *Id*. The Ninth Circuit
22  applies a four-part test to determine application of *Younger* abstention:
23  > We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3)

the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Each of these factors applies here.

Applying these factors, although unclear, Plaintiff's motion implies his Kitsap County criminal matter is currently pending. Next, the state court proceeding arises out of a criminal prosecution. The nature of the proceeding implicates important state interests as the State of Washington has a strong interest in enforcing its criminal laws. Plaintiff either has or could have raised his complaints in his ongoing state court criminal case. And finally, federal adjudication of plaintiff's claims that a "coerced" confession is being used in the context of his criminal court case necessarily interferes with the pending state court criminal matter. Accordingly, if Plaintiff's state criminal case is pending, the interests of equity and comity dictate this Court must abstain from adjudicating Plaintiff's civil claims because all four *Younger* abstention factors are satisfied. Accordingly, Plaintiff's claims are subject to dismissal without prejudice pursuant to *Younger*.

And third, if the Kitsap County criminal charges to which Plaintiff's motion refers are no longer pending because he was convicted, Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are

sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff cannot pursue a § 1983 action unless his convictions have been reversed or vacated, and there is nothing indicating this has occurred. In sum, assuming Plaintiff was convicted because Defendant Jordan allegedly coerced a confession from him, Plaintiff's claims and motion for summary judgment are barred by *Heck*.

The Court raises the applicability of the *Younger* abstention doctrine and the *Heck* doctrine solely because Plaintiff's summary judgment motion indicates a connection between Defendant's actions and a criminal confession. However, if Plaintiff's criminal case has been resolved and is not pending, and Plaintiff was not convicted of any crime flowing from statements he made to Defendant, neither *Younger* nor *Heck* would apply. Plaintiff's motion for summary judgment should nonetheless be DENIED because Plaintiff's claim that Defendant obtained a confession from him is not cognizable under *Vega v. Tekoh*.

**B.    Defendant's Motion to Dismiss**

On April 3, 2023, Defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedures. Dkt. 23. Under this rule the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, a court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v.*

1  *County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may
2  generally consider only allegations contained in the pleadings, exhibits attached to the complaint,
3  and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*,
4  506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may also
5  consider documents incorporated by reference into the complaint. *Van Buskirk v. Cable News
6  Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).
7      Generally, *pro se* pleadings such as the one before the Court are held to a less stringent
8  standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court
9  has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1
10 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not
11 supply essential elements of the claim that were not pled. *Ivey v. Board of Regents of Univ. of
12 Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions,"
13 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell
14 Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).
15     Defendant first contends Count I should be dismissed because it fails to state a claim
16 upon which Title VI relief may be granted. Dkt. 23 at 5-6.
17     Title VI states: "No person in the United States shall, on the ground of race, color, or
18 national origin, be excluded from participation in, be denied the benefits of, or be subjected to
19 discrimination under any program or activity receiving Federal financial assistance." The text of
20 Title VI prohibits discrimination based on race, color, or national origin; the text of Title VI does
21 not prohibit discrimination based on sex or gender. The Supreme Court has described Title VI in
22 comparison to another civil rights statute as follows: Title VI of the Civil Rights Act of 1964 is
23 parallel to Title IX except that it prohibits race discrimination, not sex discrimination. *Gebser v.*

*Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998); *see also Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 287 (1978) ("In view of the clear legislative intent, Title VI must be held to proscribe only those racial classifications that would violate the Equal Protection Clause or the Fifth Amendment.").

Here Defendant correctly contends the complaint contains no facts alleging Plaintiff was discriminated against based upon race, color, or national origin. Dkt. 23 at 6. Thus, on its face, the complaint fails to set forth any facts establishing a Title VI violation and should be dismissed.

Defendant also points out the complaint alleges Defendant elicited an incriminating statement from Plaintiff. *Id.* However, as Defendant notes, a Title VI claim must be brought against an entity and not an individual. *Id.* at 5 citing *Nharaja v. Wray*, 2014 WL 3891754 at * 2 (D. Oregon, Aug. 6, 2014) ("Title VI of the Civil Rights Act ("Act") prohibits racial discrimination in any program or activity receiving federal funds. 42 U.S.C. § 2000d (2014). Accordingly, Title VI actions must be brought against an entity, not an individual. *Atkins v. Bremerton Sch. Dist.*, C04–5779-RBL, 2005 WL 1356261 (W.D. Wash. June 7, 2005) (citing *The Epileptic Foundation v. City and County of Maui*, 300 F.Supp.2d 1003, 1014 (D.Haw.2004); *see also Shotz v. City of Plantation, Fla*, 344 F.3d 1161, 1170 (11th Cir.2003"); *see also Wentworth v. California Connections Academy*, 2022 WL 142157 at * 3 (S.D. California May 5, 2022) ("In addition, these cases also must be dismissed because the Individual Defendants are not proper defendants for a Title VI claim.").

The Court accordingly concludes the complaint fails to state a claim upon which Title VI relief may be granted and Count I and the Title VI allegation should be dismissed.

Defendant next contends the Court should dismiss Count II in which Plaintiff alleges his

Fifth Amendment rights were violated when Defendant tried to elicit a confession from Plaintiff that he had damaged transit property. Dkt. 23 at 6-7. Defendant argues the complaint does not set forth sufficient facts to establish a Fifth Amendment violation, and even if it did, no relief is available for supposed coerced confessions. As noted above, the Supreme Court in *Vega v. Tekoh*, 142 S. Ct. 2095, 2106 (2022), held "a violation of Miranda does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute "the deprivation of [a] right . . . secured by the Constitution." 42 U.S.C. § 1983."  Plaintiff's claim his fifth amendment rights were violated when Defendant allegedly attempted to coerce a confession thus fails as a matter of law and should be dismissed.

       Defendant further contends the Court should dismiss Count III and the allegation that Defendant violated Plaintiff's rights under the Washington Constitution, and the Sixth and Eighth Amendments. Dkt. 23 at 11-14. Defendant argues the complaint contains nothing to support Plaintiff's claim that Article I, Section 14 of the Washington Constitution was violated. *Id*. at 11. Defendant is correct because Article I, Section 14 of Washington's Constitution provides that "Excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted."  The allegations against Defendant that are contained in the complaint have nothing to do with these constitutional protections and the Article I claim should be dismissed.

       Defendant also argues the complaint lacks any basis to support Plaintiff's claim that his rights against self-incrimination under Article I, Section 9 of the Washington Constitution were violated. Article 9 states in relevant part that "No person shall be compelled in any criminal case to give evidence against himself."  Defendant correctly contends Article I, Section 9 provides protections against making incriminating statements while in custody. *See e.g., State v. Besson*,

105 Wn.2d 314, 317-18 (1986) (Finding because conversation between criminal defendant and detective were noncustodial, the Court need not address the definition of custody under Article 1, Section 9 of the Washington Constitution). Here, the complaint does not allege Plaintiff was in custody, and Defendant avers Plaintiff was not in custody because he met with Defendant on his own accord. Custody exists only if a reasonable person in Plaintiff's position would have believed that he was in police custody "with the loss of freedom associated with a formal arrest." *State v. Lorenz*, 152 Wn.2d 22, 37, 93 P.3d 133 (2004). The complaint's allegations do not establish Plaintiff was in custody and thus the claims presented in Count III fail as a matter of law.

Defendant also argues the complaint fails to state a claim upon which relief may be granted under the Eighth and Sixth Amendments. The amended complaint alleged Defendant Jordan "rigged" questions "to force me to incriminate myself" and the prosecutor "worked this" so Plaintiff would be jailed and this "also a breach of my 6th and 8th Amendment rights as well Cruel and Unusual as well." Dkt. 15 at 8.

The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Sixth Amendment to the United States Constitution states,

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

The complaint does not set forth any facts establishing Defendant Jordan violated Plaintiff's Sixth and Eighth Amendment. Rather, as noted above, Plaintiff alleges he met with

Defendant Jordan and accuses her of trying to obtain a statement from him. The allegation thus fails to state a claim upon which relief may be granted under the Sixth or Eighth Amendments.

## CONCLUSION

The Court recommends **DENYING** Plaintiff's motion for summary judgment. The Court dismissed claims in the original complaint made against Chad Enright with prejudice and those claims cannot be resuscitated through Plaintiff's motion for summary judgment. The Court should also reject the motion because Plaintiff is not entitled to judgment as a matter of law. Plaintiff's claim against Defendant Jordan regarding a coerced confession fails because *Miranda* violations are not cognizable in a § 1983 action. Additionally, because Plaintiff's other federal and state constitutional relate to the Kitsap County criminal case to which he refers in the summary judgment motion, the claims may be barred under *Younger* and *Heck*.

The Court recommends **GRANTING** Defendant's motion to dismiss the amended complaint. A title VI claim cannot be made against an individual Defendant such as Ms. Jordan; furthermore, the complaint presents nothing establishing the discrimination needed to state a Title VI claim. Plaintiff's constitutional claims also should be dismissed. The complaint does not show Plaintiff was in custody and thus his Fifth Amendment and Article 1, Section 9 rights against self-incrimination are not implicated. Plaintiff's Sixth and Eighth Amendment claims are unsupported as the complaint does not set forth any facts establishing Defendant Jordan engaged in any act that violated these Amendments. As pled, there is nothing showing Defendant imposed "Excessive bail, fines, or cruel and unusual criminal punishments, or had anything to do with the Sixth Amendment rights that attach in a criminal matter. The Court notes Plaintiff alleges Defendant would not reset his interview with her and thus his lawyer was unable to attend the interview. However, there is nothing showing that Defendant was in custody and thus nothing

showing he was entitled to counsel at the interview.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff shall not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections may be filed no later than **May 15, 2023.** The Clerk shall note the matter for **May 19, 2023**, if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 28th day of April, 2023.

BRIAN A. TSUCHIDA  
United States Magistrate Judge